UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXMANY DIAZ DANIEL (A-Number: 205-981-099),<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, *et al.*,<br>Respondents. | Case No. 1:26-cv-6591-TLN-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner Oxmany Diaz Daniel was ordered removed from the United States on May 5, 2026. He is in ICE custody pending removal. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his prolonged detention without a significant likelihood of removal in the reasonably foreseeable future violates due process. ECF No. 1. For the following reasons, I recommend that the petition be denied without prejudice.

**Background**

Petitioner entered the United States on July 2, 2013, and sought asylum. ECF No. 8-1 at 2. Immigration authorities paroled him into the United States and adjusted petitioner's status to lawful permanent resident ("LPR"). *Id.*

On February 27, 2026, local authorities arrested petitioner for possessing 20 grams or less of cannabis. ECF No. 8-1 at 3. ICE encountered petitioner at a state jail in Florida that day and

lodged an immigration detainer. *Id.* at 2. On March 3, 2026, ICE took petitioner into custody upon his release from state custody. *Id.* at 1.

Petitioner had been previously convicted in April 2023 of cocaine possession. *Id.* at 8. ICE placed petitioner into removal proceedings based on his prior criminal history. *Id.* at 5. On May 5, 2026, an immigration judge ordered petitioner removed. ECF No. 8-3 at 1. Petitioner did not appeal this determination, so the removal order was administratively final on June 4, 2026, when the time to appeal expired.[1] *Id.* at 3; ECF No. 8-4 at 3. Petitioner filed a habeas petition in the Middle District of Florida, which the court denied on June 17, 2026, on the basis that petitioner's detention within the 90-day statutory removal period was presumptively reasonable. ECF No. 8-4 at 3 (*Diaz Daniel v. Warden Matthew Mordant* (*Diaz I),* No. 26-cv-1808-SPC-NPM, Doc. 9 (M.D. Fla. June 17, 2026)).

## Legal Standard

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## Analysis

Petitioner claims that his prolonged detention pending removal violates due process.[2]

---

[1] An order of removal is administratively final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time." 8 C.F.R. § 1241.1(c).

[2] Petitioner filed a motion for appointment of counsel. ECF No. 3. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c), Fed. R. Governing § 2254

ECF No. 1. Petitioner's removal order was administratively final on June 4, 2026. *See Diaz I* at *3; ECF No. 8-4 at 3. When respondent filed its answer on August 26, 2026, petitioner was still detained during the 90-day removal period provided by 8 U.S.C. § 1231(a)(1)(A). ECF No. 8 at 2. Accordingly, at that time, petitioner's mandatory detention was authorized by section 1231(a)(2).

Respondent has not removed petitioner during the 90-day period, which expired on September 2, 2026. However, respondent may still hold petitioner under 8 U.S.C. § 1231(a)(6) for the purpose of removal. Under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), petitioner's detention is presumptively reasonable for six months after his removal order is final. Petitioner has not rebutted that presumption of reasonableness. *See* ECF No. 1. The *Zadvydas* presumptively reasonable period concludes on December 3, 2026. Accordingly, I recommend that the petition be denied.

**Conclusion**

Accordingly, it is hereby ORDERED that petitioner's motion to appoint counsel, ECF No. 3, is DENIED.

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be DENIED.

2. The court's order that respondent not transfer petitioner out of this District, ECF No. 5, be VACATED to enable the government to effectuate petitioner's removal. It is the court's intention that petitioner be lawfully removed as soon as practicable. If petitioner is not removed by the time the presumptively reasonable period ends, nothing in this order should be construed as prohibiting petitioner from filing a new petition challenging his prolonged detention.

3. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

---

Cases. I do not find that the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied.

court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE