UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OXMANY D.D.,[1]<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | No. 1:26-cv-6591-TLN-JDP<br>A# 205-981-099<br>**ORDER** |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 17, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 10.) Neither party has filed objections.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court[.]"). Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Petitioner filed his Petition within the statutorily-mandated 90-day removal period (8 U.S.C. § 1231(a)(2)) and the Petition does not claim prolonged detention nor challenge the government's ability to execute his removal order. Therefore, the Petition must be denied as recommended by the magistrate judge. However, the Court denies the Petition without prejudice to refiling. This Order does not prevent Petitioner from challenging his prolonged detention or the likelihood of his removal now that the removal period has expired.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed September 17, 2026 (ECF No. 10) are ADOPTED in full;

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED without prejudice.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 13) is DENIED as moot.

4. The Clerk of Court is directed to enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATE: October 5, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE